# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BILLY RYAN CHAPMAN,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Case No.: 4:11-CV-3815-VEH |
| ] | |
| **MYRL CAMP, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

## I.   INTRODUCTION

*Pro se* Plaintiff Billy Ryan Chapman ("Mr. Chapman") initiated this civil rights case against Magistrate Myrl Camp ("Magistrate Camp"), individually and officially, District Judge Tim Riley ("Judge Riley"), individually and officially, and District Attorney Steve Marshall ("District Attorney Marshall"), individually and officially on November 3, 2011. (Doc. 1). Pending before the court is Defendants' Motion to Dismiss (Doc. 8) (the "Motion") filed on November 23, 2011. Because Mr. Chapman is representing himself in this lawsuit, on January 3, 2012, the court gave him express notice of the Motion and established a responsive deadline of January 24, 2012. (Doc. 8).

On January 6, 2012, Mr. Chapman filed his response to the Motion. (Doc. 14). For the reasons explained below, Defendants' Motion is due to be **GRANTED**.

## II.     STANDARDS

### A.     *Pro Se* Pleadings

As an initial matter, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991)). Accordingly, Mr. Chapman's allegations asserted against Defendants are not appropriately subject to dismissal simply because they lack procedural precision or completeness in the context of Rule 8 of the Federal Rules of Civil Procedure.

### B.     Motions to Dismiss

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same

time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**III.   ANALYSIS**

Mr. Chapman's federal complaint centers upon the handling of his criminal case, including an alleged lack of sufficient evidence to charge and arrest him for the offense of trespass. (Doc. 1 at 2). More specifically, Mr. Chapman challenges Magistrate Camp's issuance of the warrant against him as illegal. (Doc. 1 at 7 ¶ 9). Before deciding whether Mr. Chapman has asserted enough to state federal claims against these Defendants under the *pro se* and *Twombly* pleading standards, the court addresses the issue of federal subject matter jurisdiction *sua sponte*.

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint. Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq.* The law is clear that Mr. Chapman, the person seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the court has subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). Lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional deficiency can be raised at any time by either the parties or the court. *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18 (1951).

Here, Mr. Chapman complains about the abuse of judicial authority and the

inappropriate handling of his state criminal case. However, because the state criminal prosecution is yet to be completed, the court's subject matter jurisdiction is called into question by the ripeness doctrine.

As the Eleventh Circuit has explained the doctrine of ripeness:

> We review the question of whether a case is ripe for adjudication *de novo*. *See Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). In evaluating whether a claim is ripe, we look at both "the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Id.* at 1211. If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice. *See Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999). Additionally, "the party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam).

*Serpentfoot v. Rome City Com'n*, 322 Fed. App'x 801, 805 (11th Cir. 2009).

Mr. Chapman has not adequately shown how his federal lawsuit is fit for a judicial decision in light of the incompleteness of his criminal case. In particular, to proceed with evaluating Mr. Chapman's constitutional claims, the court would have to speculate as to the outcome of the state criminal proceedings against him and offer an impermissible advisory opinion about the merits of his federal case. *Cf. Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") (footnote omitted).

Because of the still pending nature of the state criminal case against Mr. Chapman, his request for a federal court to review it for constitutionally deficiencies is premature. Additionally, any hardship that Mr. Chapman may suffer in withholding review is outweighed by the unfitness of this case for a judicial decision at this juncture.

Mr. Chapman's federal complaint also raises *Younger* abstention concerns. *See Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) ("The Supreme Court [in *Younger*], concluding that the state criminal proceeding offered a sufficient forum for the plaintiff to raise his constitutional defense, abstained from hearing the plaintiff's claim and <u>stated the general rule that a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances</u>.") (emphasis added). To entertain Mr. Chapman's request for "a permanent injunction enjoining the Defendants" from continuing the

criminal case against him implicates *Younger* abstention, and nothing in Mr. Chapman's opposition suggests that an exception to the doctrine would apply. Therefore, this court should abstain from exercising subject matter jurisdiction and avoid interfering with the state criminal proceedings against Mr. Chapman on the basis of *Younger*. (*Cf.* Doc. 9 at 3 ("The Plaintiff's remedy is to allow the criminal case to proceed through the trial court and then appeal if necessary to the Alabama Court of Criminal Appeals, the Alabama Supreme Court and the Supreme Court of the United States.")).

Accordingly, the Motion is due to be **GRANTED** on jurisdictional grounds, and all claims asserted by Mr. Chapman against Defendants are due to be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Additionally, and to the extent that Mr. Chapman seeks relief against Magistrate Camp and Judge Riley in the form of monetary damages (*see* Doc. 1 at 16 ¶ 44 (demanding an order making Mr. Chapman "whole by awarding him damages for pain and suffering, emotional distress, loss of wages and lost benefits, and punitive damages")), these defendants assert that they are entitled to absolute judicial immunity for actions as judges in Mr. Chapman's underlying case. As the Eleventh Circuit has summarized the doctrine of judicial immunity:

Judges are entitled to absolute judicial immunity from damages for those

acts taken while they are acting in their judicial capacity unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356, 98 S. Ct. 1099.

*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Likewise, District Attorney Marshall asserts protection against monetary damages on the grounds of absolute prosecutorial immunity. Regarding this defense, the Eleventh Circuit has explained in a suit seeking monetary damages against a prosecutor under § 1983:

> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley*, 509 U.S. at 273, 113 S. Ct. at 2615-16. The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), and most appearances before the court, including examining witnesses and presenting evidence, *see Burns*, 500 U.S. at 492, 111 S. Ct. at 1942. The prosecutorial function, however, specifically does not include functioning as either an investigator, *Buckley*, 509 U.S. at 275, 113 S. Ct. at 2617, or as a complaining witness, *Kalina v. Fletcher*, 522 U.S. 118, 129-31, 118 S. Ct. 502, 509-10, 139 L. Ed. 2d 471 (1997).

*Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004); *see also Baxter v. Washington*, 201 Fed. App'x 656, 658 (11th Cir. 2006) ("Although prosecutors are immune from damages for actions intimately associated with the judicial process, they are susceptible to claims for declaratory relief." (citing *Supreme Court of Virginia v.*

*Consumers Union*, 446 U.S. 719, 736-37, 100 S. Ct. 1967, 64 L. Ed. 2d 641 (1980))).

Here, Magistrate Camp and Judge Riley have affirmatively shown that absolute judicial immunity bars against any monetary damages that Mr. Chapman seeks to recover from them because all the allegations of purported misconduct on their part are inextricably intertwined with their role and actions as judges. Similarly, District Attorney Marshall has affirmatively shown that absolute prosecutorial immunity bars against any monetary damages that Mr. Chapman seeks to obtain from him because all allegations of purported misconduct on his part are inextricably intertwined with his role and actions "as an advocate for the government."

Again, Mr. Chapman's opposition does not bring into question the validity of the foregoing analysis. Therefore, the Motion is also due to be **GRANTED** as to all claims for monetary damages on the basis of absolute judicial immunity and absolute prosecutorial immunity.

Regarding Mr. Chapman's § 1985 conspiracy claim, Defendants are correct that he has not alleged sufficient facts which would make this claim plausible. In particular, binding precedent makes it clear that to maintain such a conspiratorial claim, a plaintiff must be able to show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627 (11th Cir. 1992) (quoting

9

*Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798, 29 L. Ed. 2d 338 (1971)) (internal quotation marks omitted). As Mr. Chapman's complaint is devoid of any animus-related allegations, even when reading the pleading liberally, his § 1985 conspiracy claim is due to be **DISMISSED** for failure to state a claim. *See, e.g., Montford v. Moreno*, No. 04-12909, 2005 WL 1369563, at *8 (11th Cir. June 9, 2005) ("Moreover, Montford alleges the defendants' discriminatory intent only in a conclusory manner."); *id.* ("Even reading Montford's complaint liberally, as we must, we conclude that Montford failed to state a valid claim under 42 U.S.C. § 1985.").

Finally, to the extent that Mr. Chapman relies upon 18 U.S.C. § 242 to state a claim, Defendants are correct that this criminal statute does not afford him with a civil private cause of action against them. *See, e.g., Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991) ("[B]ecause sections 241 and 242 do not provide for a private right of action, plaintiff's reliance on them is misplaced." (citing *Dugar v. Coughlin*, 613 F. Supp. 849 (S.D.N.Y.1985)).

## III.   CONCLUSION

Accordingly, by separate Order entered contemporaneously herewith, the Motion will be **GRANTED** for the reasons stated herein, and all claims asserted

against Defendants will be **DISMISSED**.[1]

    **DONE** and **ORDERED** this 12th day of January, 2012.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge

---

[1] Because the court has granted the Motion on jurisdictional, absolute judicial and prosecutorial immunity, and failure to state a claim grounds (with respect to Mr. Chapman's § 1985 and 18 U.S.C. § 242 theories), it does not reach the merits of the other bases offered by Defendants in support of dismissal.